UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

                Plaintiff,              Case Number 24-10550
                                        Honorable David M. Lawson

v.

HEIDI WASHINGTON, MICHIGAN
DEPARTMENT OF CORRECTIONS,
DR. SMITH, MARVIN MOSELY,
SGT. GARRETT, YOUNG, SERINE
LANDFAIR, DEPUTY WARDEN
WHITE, and C/O LAMB, ET.AL.,

                Defendants.

_____/

## OPINION AND ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING COMPLAINT

This matter is before the Court on the plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 without the assistance of an attorney. The plaintiff, an inmate confined at the Thumb Correctional Facility in Lapeer, Michigan, also has filed an application for leave to proceed without prepayment of costs. The plaintiff cannot proceed *in forma pauperis* because at least three of the plaintiff's prior civil rights complaints have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief could be granted according to 28 U.S.C. § 1915(g). His case, therefore, will be dismissed without prejudice, but he may revive his lawsuit by payment of the appropriate filing fees.

Plaintiff Mark White alleges in his complaint that the defendants inflicted cruel and unusual punishment upon him in violation of the Eighth Amendment when they knew that he suffered from certain medical conditions and failed to provide adequate treatment while he was incarcerated at the Cotton Correctional Facility in Jackson, Michigan. (JCF). He also alleges that the defendants

retaliated against him when he tried to grieve his mistreatment.  White contends that he was forced to stand in the cold or freezing rain in medication lines several times in the end of 2022 or in January 2023, without protective clothing or dry clothing, which exacerbated several of his health problems, including Chronic Obstructive Pulmonary Disease (COPD).  He says that at a dental appointment in July of 2022 where he had been sent by another dentist, a prison dentist informed him that it would be six months to one year before any prosthetic dental plates were made and fitted for him. The prison dentist informed the plaintiff that the Michigan Services Advisory required a minimum of four teeth to be removed before a prosthetic dental plate would be made for him.  White alleges that he refused to consent to the removal of two of the teeth because they were healthy; and then he was denied prosthetic dental plates because he refused to consent to the removal of two healthy teeth.  Next, White alleges that that on January 22, 2023, he discovered his possessions had been stolen by his cellmate, who was affiliated with a gang.  He contends that when he attempted to confront his cellmate, his cellmate returned with gang members, who threatened the plaintiff with knives.  All of these incidents happened while the plaintiff was incarcerated at the Cotton Correctional Facility in Jackson, Michigan (JCF).

Indigent litigants may apply to the Court to waive filing fees required to commence a lawsuit. 28 U.S.C. § 1915(a)(1).  Otherwise, the "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee." *Ibid.*; *see also Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (April 26, 1996), prevents a prisoner from bringing a civil action *in forma pauperis* if a court previously has dismissed three or more of his complaints as frivolous or malicious, or for failing

to state a claim upon which relief may be granted, unless the prisoner alleges that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller*, 966 F. Supp. 538, 540 (E.D. Mich. 1997). A federal district court may raise the three strikes provision on its own, *Witzke*, 966 F. Supp. at 539, and may take judicial notice of a plaintiff's prior dismissals, *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

The Court's records reveal that the plaintiff has filed at least six prior civil actions or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *White v. Caruso*, No. 08-80 (W.D. Mich. Feb. 14, 2008)*; White v. Caruso*, No. 08-10057 (E.D. Mich. Mar. 17, 2008); *White v. Mich. Dep't of Corr.*, No. 98-10341 (E.D. Mich. Sept. 8, 1999); *White v. Krupa*, No. 97-73661 (E.D. Mich. Feb. 26, 1999); *White v. 6th Cir. Ct.*, No. 95-71764 (E.D. Mich. June 23, 1995); *White v. Nichols*, No. 94-75266 (E.D. Mich. July 29, 1996).

Additionally, judges in this district have denied the plaintiff leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, because of these frivolity dismissals. *White v. U.S. Dist. Cts. of Mich.*, No. 13-14428 (E.D. Mich. Oct. 25, 2013); *White v. Heyns*, No. 13-12104 (E.D. Mich. May 24, 2013); *White v. Saginaw Cnty. Jail*, No. 09-13470 (E.D. Mich. Sept. 14, 2009). Judges in the Western District have also denied the plaintiff permission to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because of these prior dismissals. *White v. Morrison*, No. 21-601 (W.D. Mich. Feb. 2, 2022); *White v. McKee*, No. 16-601 (W.D. Mich. June 13, 2016); *aff'd* No. 16-2066 (6th Cir. July 13, 2017); *White v. Corr. Med. Serv's, Inc.*, No. 10-1082 (W.D. Mich. May 11, 2011).

As noted earlier, an exception to the "three strikes" rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.'" *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

Although White has alleged that he was denied dental care, that he was subjected to harsh conditions that affected his health, and that his property was stolen by gang members, those alleged instances occurred months ago while he was an inmate at JCF. He no longer resides there. To come within the "imminent danger" exception contained in 28 U.S.C. § 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner*, 290 F. App'x. at 797. Assertions of past danger will not satisfy the imminent danger exception. *Pointer v. Wilkinson*, 502 F.3d 369, 371, n.1 (6th Cir. 2007); *Rittner*, 290 F. App'x. at 797 ("[A] prisoner's assertion that he faced danger in the past is insufficient to invoke the [imminent danger] exception."). Nor does the allegation that the plaintiff continues to suffer from the prison dentist's refusal to provide him with a prosthetic dental device qualify as "imminent danger" within the meaning of section 1915(g). *See Smith v. Sapp*, 46 F. App'x. 341, 342 (6th Cir. 2002) (holding that the plaintiff's claim that prison officials failed to provide him with dentures at state expense did not come within the imminent danger exception of § 1915(g)). As noted above, the plaintiff no longer is incarcerated at the Cotton Correctional Facility; he resides at the Thumb Correctional Facility in

- 4 -

Lapeer, Michigan.  The plaintiff cannot allege that he is in imminent danger of serious physical injury at a facility where he is no longer incarcerated.  *See Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Raleem-X v. Borgerding*, No. 16-12234, 2016 WL 4800877, at * 2 (E.D. Mich. Sept. 14, 2016).

The plaintiff, therefore, has not alleged any facts in this case suggesting that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of the dismissals of his multiple prior frivolous lawsuits.  *Mulazim v. Mich. Dept. of Corr.*, 28 F. App'x 470, 472 (6th Cir. 2002).

The plaintiff's civil rights complaint accordingly is subject to dismissal under section 1915(g).  However, the plaintiff may revive any of the claims dismissed under 28 U.S.C. § 1915(g) if he decides to pay the $405 filing fee and the $52 administrative fee.  *See* 28 U.S.C. § 1914; *Witzke*, 966 F. Supp. at 540.

Because the complaint is being dismissed under 1915(g), the plaintiff's pending motion to consolidate claims will be denied as moot.  *See Tucker v. Kandulski*, No. 15-11117, 2015 WL 5692909, at * 6 (E.D. Mich. Sept. 28, 2015).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(g).

It is further **ORDERED** that the plaintiff's application to proceed without prepaying fees or costs (ECF No. 2) is **DENIED**.

It is further **ORDERED** that the motion to consolidate claims (ECF No. 4) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 12, 2024

- 5 -